# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| United States of America <br> v. <br> LORENZO EUGENE MOORE Jr. <br><br> *Defendant(s)* | ) ) ) ) ) ) ) <br> Case No.  22-mj-1038 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 9, 2022__ in the county of __Davidson__ in the __Middle__ District of __Tennessee__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C. § 841; | Possession of a controlled substance with the intent to distribute it; |
| Title 18, U.S.C. §§ 922(g)(3) and 924; | Unlawful user of controlled substance in possession of a firearm; |
| Title 18, U.S.C. §§ 922(o) and 924; | Unlawful transfer or possession of a machine gun; |
| Title 26, U.S.C. § 5861(d) | Receive or possess a firearm which is not registered to him in the national firearms registration and transfer record |

This criminal complaint is based on these facts:

See Attached statement in support of complaint

☑ Continued on the attached sheet.

/s/ David Raissi
*Complainant's signature*

S/A David Raissi, ATF
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date: 02/15/2022

*Judge's signature*

City and state:  Nashville, Tennessee

Barbara D. Holmes, U.S. Magistrate Judge
*Printed name and title*

## STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, David Raissi, being first duly sworn on oath, state as follows:

1. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since June 2020. I am currently assigned to the Nashville Field Division. Prior to being employed by the ATF, I was employed by the Cobb County, Georgia, Police Department, beginning in 2007. While with the Cobb County Police Department, I worked in uniform patrol for approximately four years. After my assignment in uniformed patrol, I worked in various capacities as an investigator, in Cobb County's multi-jurisdictional narcotics unit, the Cobb County Police Department's Crimes Against Persons Division (Robbery/Homicide) and finally as a federally deputized Task Force Officer (TFO) for the ATF in the Atlanta Field Division.

2. In my law enforcement career, I have participated in numerous criminal investigations, including those that fall under the investigative jurisdiction of ATF, including, but not limited to, violations involving the unlawful manufacture, sale, and possession of firearms and controlled substances.

3. The following information contained in this Affidavit is based on my training and experience, as well as information provided to me by other law enforcement officials (hereafter collectively referred to as "Agents"), and my review of investigative documents and other materials. I have not included all of the facts of the investigation and have only included the facts that are necessary to establish probable cause for the requested Criminal Complaint and arrest warrant. Any conversations contained herein are not verbatim and are only related in substance and part, except where a conversation includes quotations.

1

4. This Affidavit is submitted in support of a Criminal Complaint for the arrest of Lorenzo Eugene MOORE Jr. for being in Possession of a Controlled Substance with the Intent to Distribute It, in violation of Title 21, United States Code, Section 841; Unlawful User of Controlled Substance in Possession of a Firearm, in violation of Title 18, United States Code Sections 922(g)(3) and 924; Unlawful Transfer or Possession of a Machine Gun, in violation of 18 United States Code Sections 922(o) and 924; and Receive or Possess a Firearm Which is Not Registered to Him in the National Firearms Registration and Transfer Record in violation of Title 26, United States Code Section 5861(d).

## PROBABLE CAUSE

5. On February 9, 2022, the Metro Nashville Police Department (MNPD) conducted an arrest operation for MOORE for state arrest warrants through the Davidson County Judicial Circuit, the warrants were a result of a Grand Jury indictment for Aggravated Assault and Reckless Endangerment - Occupied Habitation.

6. On February 7, 2022, MOORE was observed by law enforcement at the apartment of a female associate (R.C.), located on Ben Allen Road in Nashville, Tennessee.

7. On February 9, 2022, MNPD again observed MOORE exit R.C.'s apartment. MNPD began conducting a surveillance operation to affect an arrest of MOORE. MOORE entered and began operating a silver 2006 Honda, Accord. The vehicle was registered to L.M., a relative of MOORE. The vehicle was occupied by MOORE and R.C. MOORE was the driver of the vehicle.

8. MNPD surveilled MOORE until he entered a gas station which was open to the public. MNPD contacted MOORE inside the gas station, which was located on Trinity Lane,

Nashville, Tennessee, which is within the Middle District of Tennessee. Upon arresting MOORE, MNPD conducted a search incident to arrest of MOORE's person. Upon doing so, located a Glock, Model: 19Gen 4, 9mm, pistol, with suspected machinegun conversion device, known as a Glock "switch" assembled to it and extended capacity magazine, within his (MOORE's) waistband. The firearm contained a total of twenty-eight (28) 9mm rounds.

9. MNPD approached the Honda MOORE had exited and contacted R.C. (MOORE's girlfriend). Upon making contact with R.C., MNPD smelled the odor of marijuana. A probable cause search was conducted on the Honda.

10. Within the vehicle, MNPD located approximately 35.35 grams of suspected marijuana packaged in two clear plastic baggies, twelve (12) tablets of suspected Alprazolam and a spring from a firearm's magazine.

11. On February 9, 2022, following MOORE's arrest, a state search warrant was obtained and executed on R.C.'s apartment. MNPD located .8 grams of marijuana inside a clear plastic baggie, 3 grams of marijuana inside a clear plastic baggie, 2.5 grams of marijuana inside a clear plastic baggie, an extended 9mm magazine, tan Glock 9mm magazine, 13 live 9mm rounds, additional clear plastic baggies used for packaging and digital scales.

12. Based on my training and experience, all of the narcotics evidence recovered both from the vehicle and apartment, and the circumstances of the investigation, I submit that there is probable cause to believe that MOORE possessed the above referenced narcotics with the intent to distribute them. Additionally, based on my training and experience, I know that individuals involved in narcotics trafficking regularly arm themselves to protect their person, profits, and

3

product. Based on the circumstances of this case, I submit that there is probable cause to believe that MOORE possessed the above referenced firearm in furtherance of a drug trafficking crime.

13. Prior to MOORE's arrest, MNPD executed a search warrant on a cellular phone belonging to a juvenile relative of MOORE's after that juvenile was arrested for handgun possession and marijuana possession with the intent to distribute. The juvenile was also suspected to be involved in multiple street robberies, which was the basis of their search warrant. During the review of the cell phone data, MNPD identified MOORE and his juvenile relative discussing Glock "switches." On January 9, 2022, MOORE texted his juvenile relative: "I got a switch bitch." On January 19, 2022, MOORE sent a picture of what appears to be the rear of a Glock with a "switch" to his juvenile relative.

14. On February 10, 2022, MOORE was formally interviewed by SA Raissi and MNPD Det. Dumond. MOORE was read his *Miranda* warnings and voluntary waived his right to counsel. MOORE admitted to possession of the firearm with the suspected machinegun conversion device known as a Glock "switch." MOORE stated he knew it (Glock switch) was illegal, because he (MOORE) did his own internet research on the item. MOORE stated the Glock "switch" was not registered with ATF, nor did he pay for a federal tax stamp for the item. MOORE claimed to have only possessed the one Glock "switch," which was recovered by law enforcement.

15. MOORE stated he was a habitual user of Alprazolam and marijuana, taking 4-5 tablets a day and smoked marijuana daily. MOORE further provided he was not lawfully prescribed alprazolam. Based on these statements, I submit there is probable cause to believe that MOORE was an unlawful drug user and knew he was an unlawful drug user prior to February 9, 2022.

4

16. MOORE admitted to being in three (3) prior shooting incidents, including the state case which resulted in the issuance of the current Grand Jury indictment and arrest warrant. During the first shooting incident, MOORE claimed to have been the victim of a robbery attempt and he (MOORE) returned fire against the assailant, but he (MOORE) was struck twice in the abdomen as a result. During the second shooting incident, MOORE stated the shooting occurred during an attempted purchase of marijuana. This incident resulted in pretrial diversion, because he (MOORE) and the other subject did not seek to pursue charges against on one another. During the third shooting incident (which generated the current state Grand Jury indictment and arrest warrants), MOORE's juvenile relative had been breaking into cars in their grandmother's apartment complex. A victim of the car break-ins confronted MOORE's juvenile relative with a firearm. MOORE responded by defending his juvenile relative with an AR-15 style pistol and a shooting ensued.

17. On February 10, 2022, SA Raissi sent photographs of the Glock, Model: 19Gen 4, 9mm, pistol, with "Glock switch" attachment, to the ATF Firearms & Ammunition Technology Division (FATD) for an initial preliminary review. An ATF Firearms Enforcement Officer (FEO) reviewed the photographs of the firearm with attachment in question and determined a machinegun conversion device known as a "Glock switch" had been assembled to it (final device determination would have to be made by FATD upon receiving and examining the firearm).

18. An ATF Firearms Nexus Expert and Firearms Instructor "field tested" the Glock with Glock "switch" attachment and concluded the firing mechanism was capable of being operated as a fully automatic weapon (machine gun), meaning the firearm was capable of firing multiple rounds with a single pull of the trigger.

19. An ATF Firearms Nexus Expert examined photographs of the aforementioned firearm and determined that it is firearm within the meaning of Title 18, United States Code, Section, 921(a)(3). The Firearms Nexus Expert also determined that the firearm was not manufactured in the State of Tennessee, and therefore the firearm had previously traveled in and affected interstate commerce.

20. Based upon the foregoing facts, I submit that there is probable cause to believe that MOORE was in Possession of a Controlled Substance with the Intent to Distribute It, in violation of Title 21, United States Code, Section 841; Unlawful User of Controlled Substance in Possession of a Firearm, in violation of Title 18, United States Code Sections 922(g)(3) and 924; Unlawful Transfer or Possession of a Machine Gun, in violation of 18 United States Code Sections 922(o) and 924; and Receive or Possess a Firearm Which is Not Registered to Him in the National Firearms Registration and Transfer Record in violation of Title 26, United States Code Section 5861(d) and I would request that a warrant be issued for his arrest.